### UNION TRUST CO. v LESSOVITZ et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10098.   Decided June 8, 1931

Tolles, Hoggsett & Ginn, Cleveland, for Union Trust Co.

M. B. & H. H. Johnson, and R. O. Evans, Cleveland, for Lessovitz.

MAUCK, PJ & MIDDLETON, J, (5th Dist) and FARR, J (7th Dist), sitting.

**MAUCK, PJ.**

The plaintiff's claim of subrogation is two-fold. First, it claims by conventional subrogation, that is subrogation by contract, express or implied. Second, it claims legal subrogation, independent of contract.

We find no evidence of an express contract for subrogation. As to subrogation by implied contract and legal subrogation, the distinction seems to us shadowy. What is the difference whether we say that the law implies from certain circumstances a contract of subrogation or that the circumstances are such that the law endows the party with a right of subrogation? Whether it be called one or the other the facts in this case disclose that the plaintiff was not a mere volunteer furnishing money for the payment of the old mortgages, as urged by the defendant but that the circumstances attending the payment of the money on the November note gave it an altogether different standing.

The plaintiff had, in the first place, the express assurance of the mortgagor that there was no judgment lien upon the property and parted with its money under this belief. This was a species of fraudulent representation as to an existing fact. Manifestly the mortgagors had knowledge of the judgment against them and it is equally manifest that if they had disclosed that fact the plaintiff would not have advanced the money on a mortgage, junior to such judgment lien. This fact is said to give rise to a subrogation. The language of Mr. Freeman in a note to American Bonding Company v National Bank, 99 A. G. 519, is adopted in 25 Ruling Case Law 1338 to this effect:

"When, however, there is misrepresentation and fraud whereby one is induced to advance money to discharge a lien on property, and the money is so applied, it is not uncommon for a court of equity to protect the lender by subrogating him to the lien of the encumbrance which his money has been used to discharge."

Such seems to be the general rule on legal subrogation.

In Ohio the doctrine is quite as liberal. **Stramen v Rechtine, 58 Oh St 443.** Whether the doctrine of this case be one of legal subrogation or of subrogation predicated upon an implied convention, we need not determine. Sufficient to say that the law of this state applicable to the case at bar is laid down in the first paragraph of the syllabus as follows:

"Where money is loaned under an agreement that it shall be used in the payment of a lien on real estate, and it is so used, and the agreement is that the one who so loans the money shall have a first mortgage lien on the same lands to secure his money and through some defect in the new mortgage or oversight as to other liens, the money can not be made on the last mortgage, the mortgagee has a right to be subrogated to the lien which was paid by the money so by him loaned, when it can be done without placing greater burdens upon

the intervening lienholders than they would have borne if the old mortgage had not been released, but not as against a bona fide lienholder who acquired his lien after the release of the old mortgage without notice of such agreement and payment."

Certainly every element of subrogation prescribed in the Stramen case is present in the case at bar. The money was loaned by the plaintiff, (1), to pay first and second mortgages; (2), and was so used; (3), under an agreement that the plaintiff should have a first lien; (4), but through a misrepresentation or oversight as to a lien preceeding the new mortgage; (5), the money could not be made on such mortgage from which it follows (6), that the plaintiff is subrogated to the cancelled mortgages, provided no greater burden is case upon the intervening lienholders.

True, it is suggested in the instant case that the judgment lienholder is prejudiced by the transaction but this is manifestly wrong. He is not prejudiced unless there is placed upon him greater burdens than he would have borne "if the old mortgage had not been released."

Of course if the old mortgages had not been released they would have been senior to the judgment and the subrogated plaintiff succeeds to just what the mortgage would have taken if they had not been released. It is nothing to the judgment creditor that the plaintiff be substituted for the earlier mortgagees and that it have the identical precedence over the judgment lienholder that those mortgagees would have had if their mortgages had continued to subsist. **Miller v Stark, 61 Oh St 413.**

It is unnecessary to multiply the available authorities of similar import.

Further resistance to the subrogation is made on the ground that the plaintiff before it parted with its money on the note sued upon caused the records to be searched by a title company from which it secured a certificate of title that indicated that there was no judgment lien. It is now urged that the plaintiff should be remitted to its right of action against the title company. It would be strange if a prospective mortgagee in employing the services of a title company to search the records should thereby forfeit the right of subrogation which it would otherwise have. This would be to penalize the prudent and diligent who are favored in all the other fields of equity. It would be tantamount to holding that a prospective purchaser for value employs a title company at his peril, because the negligence of the latter may utterly destroy such purchaser's right. Whether such rule

obtains elsewhere we need not inquire. The rule does not seem to obtain in Ohio. In the Stramen case, **supra,** it was expressly held that subrogation arose through the mortgagee's "oversight as to other liens" which implies the negligence of the mortgagee and in **Miller v Scott, 23 Oh Ap 50,** the court expressly adopts the doctrine of 25 R. C. L. 1393 to the effect that the negligence of the party seeking subrogation does not defeat him so long as the burden of the lienholder resisting the substitution is not increased.

It is accordingly concluded that the plaintiff is subrogated to the rights of the two earlier mortgages and the decree will be drafted accordingly.

Decree for plaintiff.

MIDDLETON and FARR, JJ, concur.