OPINION
{¶ 1} This is an appeal by plaintiff-appellant, Washington Mutual Bank ("WaMu"), from a judgment of the Franklin County Court of Common Pleas, granting summary judgment in favor of defendant-appellee, Heartland Bank ("Heartland"), and denying WaMu's cross-motion for summary judgment. *Page 2 
 {¶ 2} Most of the pertinent facts of this case are not in dispute. On December 21, 2001, Kenneth and Pamela Hopkins (hereafter "the Hopkins") gave a mortgage on property located at 3775 North Road, Grove City, Ohio, to Camco Mortgage Corporation ("Camco") in the amount of $176,000. The mortgage was recorded at the Franklin County Recorder's Office on December 31, 2001. Camco immediately assigned the mortgage to WaMu, and WaMu recorded the assignment on December 31, 2001.
 {¶ 3} On June 9, 2004, the Hopkins granted an open-end mortgage on the property in favor of Heartland in the amount of $30,546. Heartland recorded its mortgage on June 15, 2004.
 {¶ 4} On September 7, 2005, the Hopkins refinanced and paid off the original Camco mortgage through a loan with WaMu in the amount of $172,216, and WaMu recorded the release of the Camco mortgage on October 4, 2005. Further, the new loan was secured by a mortgage on the property granted to WaMu, and WaMu recorded this mortgage on October 11, 2005.
 {¶ 5} On March 16, 2007, WaMu filed a complaint in foreclosure, naming as defendants the Hopkins and Heartland. In the complaint, WaMu alleged it was the holder of a note and mortgage, and that the Hopkins had defaulted on the instruments in the amount of $171,837.72, plus interest.
 {¶ 6} On April 5, 2006, Heartland filed an answer and cross-claim. On May 9, 2006, Heartland filed a motion for default judgment against the Hopkins. On May 15, 2006, the trial court entered a default judgment in foreclosure in favor of Heartland and against the Hopkins in the amount of $28,213.31. *Page 3 
 {¶ 7} On May 19, 2006, WaMu filed a memorandum in partial opposition to Heartland's motion for default judgment, and, on May 26, 2006, the trial court reinstated the case. On May 30, 2006, WaMu filed a motion for a nunc pro tunc entry correcting the default judgment, arguing that the trial court had granted a default judgment in favor of Heartland prior to receiving WaMu's motion for partial opposition.
 {¶ 8} On June 23, 2006, Heartland filed a motion for summary judgment against WaMu. In the accompanying memorandum, Heartland argued it was entitled to summary judgment because its mortgage was delivered to the recorder's office for recording prior to the date that WaMu's mortgage was recorded. On August 14, 2006, WaMu filed a memorandum contra Heartland's motion for summary judgment, and also filed a cross-motion for summary judgment.
 {¶ 9} On October 6, 2006, the trial court granted Heartland's motion for summary judgment and denied WaMu's cross-motion for summary judgment. In its decision, the trial court declined WaMu's request to apply the doctrine of equitable subrogation, finding that WaMu was negligent in failing to discover Heartland's mortgage when it refinanced the Camco mortgage. The decision of the trial court was journalized by judgment entry filed October 25, 2006.
 {¶ 10} On appeal, WaMu sets forth the following assignment of error for this court's review:
 The lower court erred in denying WAMU's Cross Motion for Summary Judgment and granting Heartland's Motion for Summary Judgment on October 25, 2006.
 {¶ 11} In its sole assignment of error, WaMu argues that the trial court erred in denying its motion for summary judgment and in granting summary judgment in favor of *Page 4 
Heartland. Specifically, WaMu contends the trial court erred in failing to apply the doctrine of equitable subrogation. WaMu acknowledges that its agent was negligent in performing a title search and in failing to discover Heartland's open-end mortgage, but argues that application of equitable subrogation would result in no prejudice to Heartland.
 {¶ 12} In Holt Co. of Ohio v. Ohio Machinery Co., Franklin App. No. 06AP-911, 2007-Ohio-5557, at ¶ 15-16, this court noted the standard of review in considering a trial court's grant of summary judgment as follows:
 Appellate review of a lower court's granting of summary judgment is de novo. Mitnaul v. Fairmount Presbyterian Church, 149 Ohio App.3d 769, 2002 Ohio 5833, at P27, 778 N.E.2d 1093. "'De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial.'" Id., quoting Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, 701 N.E.2d 1023, citing Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187, certiorari denied (1981), 452 U.S. 962, 101 S. Ct. 3111, 69 L. Ed. 2d 973.
 Summary judgment is proper when a movant for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183, 1997 Ohio 221, 677 N.E.2d 343.
 {¶ 13} Under Ohio law, "R.C. 5301.23 sets forth the general rule that the first mortgage that is presented and recorded has preference over a subsequently presented and recorded mortgage." Washington Mut. Bank v.Aultman, 172 Ohio App.3d 584, 2007-Ohio-3706, at ¶ 23. Under some circumstances, however, "the doctrine of equitable *Page 5 
subrogation can overcome the general statutory rule." Id., at ¶ 24. The doctrine of "[e]quitable subrogation `arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid.'" Id., quoting State v. Jones (1980), 61 Ohio St.2d 99, 102.
 {¶ 14} In arguing that the trial court erred in failing to apply the doctrine of equitable subrogation, WaMu relies upon three cases decided by this court: Bank One v. Jude, Franklin App. No. 02AP-1266, 2003-Ohio-3343; First Union Natl. Bank v. Harmon, Franklin App. No. 02AP-77, 2002-Ohio-4446; and Fed. Home Loan Mtg. v. Moore (Sept. 27, 1990), Franklin App. No. 90AP-546.
 {¶ 15} Under the facts in Moore, the appellant bank, a mortgage assignee, refinanced a first mortgage with the intention that the new mortgage would retain a first priority position. However, due to the negligence of a title company, the appellant was unaware of a lender's second mortgage. Following a default, the trial court determined that the lender was entitled to the proceeds based upon its first priority position.
 {¶ 16} On appeal, the appellant bank argued that the trial court erred in failing to apply the doctrine of equitable subrogation. This court agreed and reversed, finding in part that the doctrine of equitable subrogation was applicable in a case involving an ordinary mistake by the title company, and where appellant's negligence was not material. This court found significant that "[n]o one changed their position in reliance on the mistake," and "there was no prejudice to subsequent intervening rights" which would cause a court to regard the title company's negligence significant. Id. Further, the court noted that the lender "did not bargain for or even expect a first lien position," and that it *Page 6 
would gain "an unearned windfall" by advancing to first priority in the absence of application of the doctrine. Id.
 {¶ 17} In Harmon, supra, a title company failed to discover a mortgage (second in position) when the owners refinanced an existing first mortgage and granted a mortgage to the plaintiff's predecessor, with the proceeds used to extinguish obligations secured by two prior mortgages. The owners later defaulted, and the plaintiff brought a foreclosure action. The defendant argued it had priority because it recorded its mortgage before plaintiff's predecessor recorded its mortgage, while the plaintiff responded it was entitled to be subrogated to the position of a lender who had priority (a first mortgage) over the defendant. The trial court found in favor of the plaintiff based upon the doctrine of equitable subrogation. On appeal, this court affirmed, relying upon the holding in Moore in holding that, despite the title agent's apparent failure to discover the defendant's mortgage, the equities in the plaintiff's favor "are strong and clear" where the defendant "expected to be subordinate to another lender." Id.
 {¶ 18} In Jude, supra, this court relied upon Moore andHarmon to apply the doctrine of equitable subrogation where a defendant lender paid off a first lien, as well as a second lien held by the plaintiff bank, but the owners failed to close a revolving line of credit. In finding equitable subrogation to be appropriate, this court found "immaterial" any alleged negligence by the defendant's title agent, noting that the owners sought a loan from the defendant lender presumably with the intent to extinguish the prior liens and maintain a first mortgage line, and the plaintiff bank "was not misled or injured because [it] did not bargain for or even expect a first lien position." Id. *Page 7 
 {¶ 19} In the instant case, in its reply to WaMu's motion for summary judgment, Heartland argued that WaMu controlled the mortgage process, including the hiring of the title company, and, therefore, was in the best position to protect its interests from negligence; further, that any recourse by WaMu for such negligence would lie in a claim against its title insurance company. The trial court essentially agreed, finding that WaMu, being "a very large, sophisticated bank * * * is charged with the knowledge of how to properly proceed in the refinancing arena." In declining to apply the doctrine of equitable subrogation, the court held that the lien was "easily discoverable," and that WaMu's failure to discover Heartland's mortgage was "clearly negligent."
 {¶ 20} Upon this court's de novo review, however, we agree with WaMu that the facts and circumstances of this case are similar to those inHarmon, Moore, and Jude, and that the doctrine of equitable subrogation is appropriate. Here, despite the obvious failure by WaMu's title agent to discover Heartland's mortgage, there is nothing in the record to indicate more than "ordinary mistake" on the part of a title company.Moore, supra. More significantly, the record does not suggest Heartland will be prejudiced inasmuch as it never bargained to be in a first-lien position, and where WaMu would only be subrogated to the extent it paid off its first mortgage.
 {¶ 21} Heartland argues it has been prejudiced because it had a "reasonable expectation" that its open-end mortgage would be repaid "at some point prior to maturity" through a refinancing or sale of the property, and that WaMu deprived it of that expectation by refinancing without paying off Heartland in full. (Heartland's brief, at 10.) Heartland maintains that, as a result of such action, the chances were increased that it would not be paid off for "much greater time than originally anticipated." Id. Thus, *Page 8 
Heartland argues, an "increased time until payment results in increased risk of nonpayment[.]" Id.
 {¶ 22} Heartland cites no authority in support of this proposition, and it appears to be contrary to the position espoused in the Restatement of the Law 3d, Property Mortgages (1997) Section 7.6, Comment e ("a mere extension of time resulting from refinancing is generally not regarded as seriously prejudicial to holders of intervening interests, and is often advantageous to them"). Even assuming such an expectation on the part of Heartland, we are unable to conclude that the asserted prejudice is sufficient to preclude application of the doctrine of equitable subrogation.
 {¶ 23} To the extent Heartland relies upon Jones, supra, we find that case to be distinguishable from the facts of this case. InJones, the Ohio Supreme Court declined to allow a mortgage lender to utilize the doctrine of equitable subrogation where such lender engaged in "a series of improvident business maneuvers," including expressly instructing the title company to not file the mortgage for three months, and doing "nothing to inquire further" as to appellees'"unusual debts" to an accounting firm and the Internal Revenue Service despite being made aware of such fact. Id., at 103. Under the "totality" of such circumstances, the Ohio Supreme Court held that it would not invoke the doctrine of equitable subrogation. Id., at 104. The decision inJones, however, does not stand for the proposition that equitable subrogation is prohibited "in all circumstances where the mortgagee has been negligent." Aultman, supra, at ¶ 34.
 {¶ 24} In our view, the facts of the instant case do not give rise to the type of "improvident business maneuvers" at issue in Jones. This court has distinguished Jones under similar circumstances inHarmon and Moore. See, also, Aultman, supra, at ¶ 41 *Page 9 
(distinguishing Jones where title agent's negligence in failing to discover lien during title search "was a `mere mistake,' and its failure to obtain first lien position was not due to the bank's failure to follow ordinary business practices to protect its interests").
 {¶ 25} Accordingly, we find that the trial court erred in granting summary judgment in favor of Heartland, and in failing to grant summary judgment in favor of WaMu based upon the doctrine of equitable subrogation.
 {¶ 26} Based upon the foregoing, WaMu's single assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
TYACK and BOWMAN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1