DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas, which granted summary judgment to appellee, Audrey Allgier, and denied summary judgment to appellant, Huntington National Bank. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
Appellant, Huntington National Bank ("Huntington"), sets forth the following single assignment of error:
"The trial court committed reversible error in granting summary judgment to defendant Audrey Allgier and denying summary judgment to the Huntington National Bank."
The following undisputed facts are relevant to the issues raised on appeal. On February 2, 2007, Huntington filed a foreclosure action against Edward and Audrey Allgier for real property located in Bowling Green, Ohio. On March 7, 2007, Audrey Allgier filed an answer denying that her one-half interest in the property was subject to the foreclosure action.
In 1994, Edward and Audrey Allgier purchased the subject property. In conjunction with the purchase, they both executed a mortgage and promissory note to Huntington as security for the loan. They took title to the property as "husband and wife." In truth, their marriage was dissolved on October 10, 1991, by the Wood County Common Pleas Court Domestic Relations Division. This discrepancy was not uncovered by appellant in the course of the 1994 property acquisition or during subsequent refinancings.
On January 2, 2003, Edward Allgier obtained an individual additional loan from Huntington in the amount of $106,900. Audrey Allgier never executed the 2003 mortgage loan or promissory note. Huntington's title insurance requirements expressly established that the execution of the 2003 mortgage by Audrey Allgier was a mandatory *Page 3 
transaction requirement. This did not occur. Nevertheless, Huntington completed the transaction.
Edward Allgier defaulted on the 2003 loan. Huntington filed foreclosure action against both Edward and Audrey Allgier. On April 11, 2007, Audrey Allgier filed a motion to dismiss. On August 8, 2007, the motion to dismiss was denied. On August 3, 2007, both Huntington and Audrey Allgier filed opposing motions for summary judgment. On September 13, 2007, Huntington was granted default judgment against Edward Allgier, Huntington's motion for summary judgment was denied, and summary judgment was granted to Audrey Allgier. Timely notice of appeal of summary judgment was filed.
In its sole assignment of error, Huntington claims that the trial court erred in granting summary judgment to Audrey Allgier. In support, Huntington relies primarily upon the notion that the misrepresentation of marital status by Audrey Allgier voids the legal consequences of Huntington's failure to abide by its title insurance requirements in completing the subject 2003 loan transaction.
We note at the outset that an appellate court reviews a trial court's granting summary judgment de novo, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129; Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. Summary judgment is granted when there remains no genuine issue of material fact and, when considering the evidence most strongly in *Page 4 
favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
The essence of the legal dispute under review is whether Huntington should be entitled to pursue foreclosure against Audrey Allgier pursuant to the doctrine of equitable subrogation. Ohio courts have consistently held that the doctrine of equitable subrogation does not apply so as to benefit parties seeking the remedy despite their own negligence in the underlying business transaction. Blue View Corp. v. Rhynes, 9th Dist. No. 23034, 2006-Ohio-4084; Wells Fargo Financial Leasing Inc. v.Rinard, 5th Dist. No. 07-CA-8, 2008-Ohio-437.
We have carefully reviewed the record of evidence for indicia of negligent actions on the part of Huntington in the transaction so as to bar the application of equitable subrogation. Huntington's title insurance report prepared in connection with this transaction established three "requirements to be complied with." Significantly, these requirements mandated that Audrey Allgier execute cancellation and releases of two prior liens on the property, in addition to executing the 2003 mortgage "to your company" [Huntington] that is the subject of this case. Huntington failed to comply with these requirements.
We find that Huntington was negligent in failing to adhere to the title commitment requirements. As such, Huntington may not benefit through the doctrine of equitable subrogation. Reasonable minds can only conclude that Audrey Allgier is entitled to judgment as a matter of law. Appellant's assignment of error is found not well-taken. *Page 5 
On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Pietrykowski, P.J., Skow, J., and Osowik, J., concur. *Page 1