**GENOA BANKING COMPANY, Appellant,**

v.

**TUCKER et al., Appellees.**

[Cite as *Genoa Banking Co. v. Tucker*, 184 Ohio App.3d 303, 2009-Ohio-4918.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–08–068.

Decided Sept. 18, 2009.

304

David A. Bryan and David L. Honold, for appellant.

Michael J. Sikora III, Maria Mariano Guthrie, Ann M. Johnson, Lee R. Schroeder and Adrienne S. Foster, for appellees.

---

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas that granted in part and denied in part appellant Genoa Banking Company's motion for summary judgment asserting superior lien priority on a parcel of residential property subject to foreclosure. The trial court additionally granted appellees' motion for summary judgment. For the reasons that follow, the judgment of the trial court is reversed.

{¶ 2} Appellant Genoa Banking Company ("Genoa") sets forth two assignments of error:

{¶ 3} "I. The trial court committed reversible error in granting summary judgment to defendants-appellees Fifth Third and Renee Tucker and denying, in part, summary judgment to plaintiff-appellant Genoa Bank.

{¶ 4} "II. The trial court committed reversible error by declaring the priority of the Fifth Third Mortgage to be superior to that of the Genoa Bank judgment liens contrary to the statutory first-in-time priority system in Ohio Revised Code § 5301.23."

{¶ 5} The following undisputed facts are relevant to the issues raised in this appeal. In 2002, third-party defendants/appellees, Robert and Angela Thomas, purchased the real property that is the subject of the foreclosure action underlying this appeal. The Thomases obtained a loan from Sky Bank that was secured by a mortgage on the property. Sky Bank's mortgage was recorded on October 24, 2002.

{¶ 6} In 2007, Genoa Banking Company obtained judgments against the Thomases. Genoa filed four certificates of judgment against the Thomases and other parties in March and April 2007. In August 2007, the Thomases sold the property to appellee, Renee Tucker, who obtained a loan, secured by a mortgage on the property, from appellee, Fifth Third Mortgage Company ("Fifth Third").

{¶ 7} Fifth Third hired NETCO, Inc. to perform the necessary title services. NETCO identified the first mortgage in favor of Sky Bank, but failed to identify Genoa's judgment liens. Thereafter, a portion of the loan proceeds from Fifth Third was used to pay off the Sky Bank mortgage; the Fifth Third mortgage was recorded on August 27, 2007.

{¶ 8} On February 22, 2008, Genoa filed suit to foreclose on its judgment liens against the property now owned by Tucker. Fifth Third and the Wood County Treasurer were also named as defendants with a potential interest in the property. In its complaint, Genoa asserted priority as first and best lien on the property after real estate taxes. Fifth Third and Tucker filed a counterclaim for declaratory judgment and to quiet title, arguing that Fifth Third's later-in-time mortgage should be given priority over Genoa's liens under the doctrine of equitable subrogation.

{¶ 9} The parties acknowledged that there were no material facts in dispute. On June 19, 2008, Genoa moved for summary judgment as to the issue of priority. Genoa asserted that it was entitled to a judgment of foreclosure and a determination that each and all of its four judgment liens are the first and best lien on the property. On July 7, 2008, Tucker and Fifth Third filed a brief in opposition and a cross-motion for summary judgment also on the issue of priority. In their motion, they argued that although the Fifth Third mortgage was filed later in time than Genoa's judgment liens, Fifth Third should have first lien priority under the doctrine of equitable subrogation.

{¶ 10} By judgment entry filed September 10, 2008, the trial court ruled that Fifth Third's mortgage was superior to that of the Genoa Bank judgment liens based on the doctrine of equitable subrogation, and granted Fifth Third's motion for summary judgment on the issue of priority. Genoa's summary-judgment motion was granted in part and denied in part. The trial court denied that part of Genoa's motion seeking to establish its entitlement to priority but found that Genoa held valid unsatisfied judgment liens on the subject property and was entitled to foreclosure.

{¶ 11} Appellant presents two assignments of error, both of which assert that the trial court erred by declaring the priority of the Fifth Third mortgage to be superior to the Genoa judgment liens. In support, appellant sets forth several specific arguments.

{¶ 12} We note at the outset that an appellate court reviews a trial court's grant of summary judgment de novo, applying the same standard used by the lower court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198; *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment is granted when there remains no genuine issue of material fact and, when considering the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 13} R.C. 5301.23 sets forth the general rule that the first mortgage that is presented and recorded has preference over a subsequently presented and recorded mortgage. Mortgage priority therefore is determined by reviewing the recording chronology.

{¶ 14} In some circumstances, however, the doctrine of equitable subrogation can overcome the statutory rule. Equitable subrogation arises by operation of law when one having a liability or right or a fiduciary relation in the premises pays a debt owed by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor that he has paid. *ABN AMRO Mtge. Group, Inc. v. Kangah,* 180 Ohio App.3d 689, 2009-Ohio-359, 906 N.E.2d 1195, ¶ 15, 16 (motion to certify a conflict granted by *ABN AMRO Mtge. Group v. Kangah,* 121 Ohio St.3d 1471, 2009-Ohio-2045, 905 N.E.2d 652).

{¶ 15} Appellant first argues that the trial court did not have jurisdiction to grant equitable relief to appellees because appellees had an adequate remedy at law. Appellant asserts that appellees must pursue recovery in tort against the title company, NETCO, for negligence before the doctrine of equitable subrogation may be applied. This issue was not raised in the trial court, either by appellant or by the court in making its decision.

{¶ 16} This court agrees with the reasoning set forth in *Fed. Home Loan Mtge. Corp. v. Moore* (Sept. 27, 1990), 10th Dist. No. 90AP–546, 1990 WL 140556. In the foreclosure action underlying that case, a junior lienholder claimed that equitable subrogation could not be applied because the mortgage holder could potentially pursue an action against its title agent for negligently failing to discover the existence of a prior mortgage on the Moores' residence. The *Moore* court noted that this issue was addressed in *Union Trust Co. v. Lessovitz* (1931), 51 Ohio App. 69, 73, 4 O.O. 499, 199 N.E. 614, which stated: "It would be strange if a prospective mortgagee in employing the services of a title company to search the records should thereby forfeit the right of subrogation which it would otherwise have. This would be to penalize the prudent and diligent, who are favored in all other fields of equity. It would be tantamount to holding that a prospective purchaser for value employs a title company at its peril, because the

negligence of the latter may utterly destroy such purchaser's right." In this case, finding otherwise would penalize Fifth Third and Tucker for having obtained title insurance. Appellant's argument is without merit.

{¶ 17} Appellant further argues that equitable subrogation is not available to Fifth Third because under law and equity, the negligence of the title agent is imputed to the agent's principal; appellant faults the trial court for relying on cases that did not give consideration to that principle. Appellant asserts that the trial court focused on what the court determined was a "windfall" received by appellant due to the satisfaction of the Sky Bank lien from the proceeds of the Fifth Third mortgage, which allowed appellant's lien to become first in time. Appellant appears to focus on what it sees as the trial court's failure to analyze the boundaries of its equitable jurisdiction and on the windfall it believes the trial court gave the title company in this case.

{¶ 18} As this court noted in *Huntington Natl. Bank v. Allgier,* 6th Dist. No. WD–07–061, 2008-Ohio-1289, 2008 WL 746984, ¶ 10: "Ohio courts have consistently held that the doctrine of equitable subrogation does not apply so as to benefit parties seeking the remedy despite their own negligence in the underlying business transaction."

{¶ 19} However, in order to avoid giving windfalls to lienholders such as appellant herein, whose positions were improved by a title company's mistake, several Ohio courts have chosen not to impute the negligence of a title company to the mortgage holder that hired it. In *Washington Mut. Bank v. Aultman,* 172 Ohio App.3d 584, 2007-Ohio-3706, 876 N.E.2d 617, the Second District Court of Appeals held that a title agent's inadvertent failure to discover a pre-existing mortgage was not a bar to equitable subrogation. In *Fed. Natl. Assn. v. Webb,* 5th Dist. No. 2005CA0013, 2006-Ohio-3574, 2006 WL 1901016, the court held that absent a blatant negligent act, mere negligence will not prevent subrogation. Further, in *Washington Mut. Bank v. Hopkins,* 10th Dist. No. 07AP–320, 2007-Ohio-7008, 2007 WL 4532679, the court held that if there is nothing more than an ordinary mistake, equitable subrogation is appropriate. See also *Union Trust Co. v. Lessovitz,* 51 Ohio App. 69, 4 O.O. 499, 199 N.E. 614; *Fed. Home Loan Mtge. Corp. v. Moore,* 1990 WL 140556.

{¶ 20} In *Allgier,* 2008-Ohio-1289, 2008 WL 746984, we held that the mortgagee was negligent in failing to adhere to its title-commitment requirements and therefore could not benefit from the application of the doctrine of equitable subrogation.

{¶ 21} Subrogation is defined as the " 'substitution of one person in the place of another with reference to a lawful claim or right.' " *Tower City Title*

*Agency, L.L.C. v. Flaisman* (Apr. 20, 2001), 11th Dist. No. 2000–L–070, 2001 WL 409528, *2, quoting *Fed. Home Loan Mtge. Corp. v. Moore,* 1990 WL 140556, *2.

{¶ 22} In this case, the loan amount from appellee Fifth Third was $82,000. Of that amount, $76,531.01 was used to pay off the Sky Bank mortgage. Therefore, the mortgage lien, if it were to remain in the position advocated by appellee, would result in not only a substituted position but in an amount superior by $5,468.99. Fifth Third contracted with the title company. The title company failed to discover four separate judgment liens filed on separate dates of March 23 and April 4, 2007, several months prior to the closing on the Fifth Third loan transaction, which occurred on August 27, 2007.

{¶ 23} "Equitable subrogation will not be used to benefit parties who were negligent in their business transactions, and who were obviously in the best position to protect their own interests." *Assoc. Fin. Servs. Corp. v. Miller* (Apr. 5, 2002), 11th Dist. No. 2001–P–0046, 2002 WL 519667, *4, citing *Leppo, Inc. v. Kiefer* (Jan. 31, 2001), 9th Dist. Nos. 20097 and 20105, 2001 WL 81262.

{¶ 24} The court in *Kangah* applied the doctrine of equitable subrogation based upon the consideration of several factors that included the intention of debtor and creditor with respect to the position of the lien on the real property, the creditor's agreement to a subordinate security interest, a title company's failure to discover a mortgage lien being a "mere mistake," and whether the creditor was prejudiced by its inferior position. See *ABN AMRO Mtge. Group, Inc. v. Kangah,* 180 Ohio App.3d 689, 2009-Ohio-359, 906 N.E.2d 1195.

{¶ 25} Even if we were to weigh the factors articulated in *Kangah,* the facts of this case are different in several critical aspects. The company failed to discover four separate judgments filed on separate dates. This negligence cannot be characterized as a mere mistake, which implies a singular and simple misstep. The inability to discover these four separate judgment liens can rightfully be characterized as grossly negligent at a minimum and reckless at best. Further, unlike *Kangah,* the competing lienholder herein, Genoa Banking, suffers actual prejudice if Fifth Third were to be granted equitable subrogation, as its loan proceeds would amount to a preference in the amount of $5,468.99.

{¶ 26} Upon consideration of the totality of the circumstances in this case, we conclude that the trial court erred in its application of the doctrine of equitable subrogation to the facts of this case and, accordingly, appellant's first and second assignments of error are found well taken.

{¶ 27} On consideration whereof, the judgment of the Wood County Court of Common Pleas is reversed. Costs of this appeal are assessed to appellees pursuant to App.R. 24.

Judgment reversed.

Singer and Sherck, JJ., concur.

James R. Sherck, J., retired, sitting by assignment.

# In re J.S.

[Cite as *In re J.S.,* 184 Ohio App.3d 310, 2009-Ohio-5189.]